s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| Vladimir Alexander L. Swerchowsky, | : | Case No. _____ |
| Plaintiff, | : | (Hon. _____) |
| vs. | : | |
| U-Haul International, Inc.; Amerco, Edward J. Shoen, Serena Barth, | : | **<u>NOTICE OF REMOVAL</u>** |
| Defendants. | | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Defendants U-Haul International, Inc., AMERCO (now known as U-Haul Holding Company and referred to as "UHHC" herein), Edward J. Shoen, and Serena Barth hereby file their Notice of Removal and state as follows:

1. An action has been commenced against Defendants which is now pending in the Cuyahoga County, Ohio Court of Common Pleas, said action being entitled *Vladimir Alexander L. Swerchowsky v. U-Haul International, Inc. et al.''* bearing Case No. 23 CV 983132 on the docket of said court.

2. A copy of the Complaint was served on U-Haul International, Inc. on August 7, 2023; on AMERCO on August 3, 2023; on Serena Barth on August 3, 2023; and on Edward Shoen on August 7, 2023.  (Exhibit A.)

7065100.1

3. This Notice of Removal is being filed within thirty (30) days after receipt and is timely filed in accordance with 28 U.S.C. §1446(b).

4. Defendants have not yet moved, pleaded or answered plaintiff's Complaint.

5. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1331 which may be removed pursuant to 28 U.S.C. §1441 because the plaintiff's state court complaint, Count III, Paragraph IV alleges violations of the laws of the United States (Fair Labor Standards Act) over which this Court has original jurisdiction.

6. This is also a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 which may be removed pursuant to 28 U.S.C. Sec. 1441, because of the complete diversity of citizenship of the parties and because the damages sought in the complaint exceed $75,000. From the docket, it is apparent that plaintiff is a citizen of Ohio. Defendants U-Haul International, Inc. and UHHC are corporations formed under the laws of the state of Nevada, and neither entity does business in Ohio. U-Haul International, Inc.'s headquarters is located in Arizona. UHHC's headquarters is located in Nevada. Although the complaint alleges no actionable conduct by Mr. Shoen, he resides in Arizona.

7. While Ms. Barth resides in Ohio, the complaint does not allege Ms. Barth engaged in conduct that would be actionable under state law. Ohio Revised Code Section 4112.08(A), under which Plaintiff's claims presumably arise because there is no basis for individual liability under federal law, states that "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer." Here, the complaint alleges only that plaintiff was employed at a facility operated by U-Haul International, Inc, and was under the

2

7065100.1

general management of Ms. Barth. There is no allegation that Ms. Barth was the 'employer.' The Sixth Circuit has recognized that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) and *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). Plaintiff's improper joinder of Ms. Barth in this matter does not defeat the complete diversity of the parties or the Court's jurisdiction pursuant to 28 U.S.C. §1332.

8. C.T. Corporation System ("C.T.")is merely U-Haul International, Inc.'s statutory agent, but C.T. has improperly been designated as a separate defendant. No specific allegations are stated regarding C.T. This misjoinder will not defeat removal, particular where C.T. is incorporated in Delaware and headquartered in Georgia.

9. Copies of all process, pleadings and orders served upon defendant in this action are attached hereto pursuant to 28 U.S.C. §1446(a).

**WHEREFORE,** the defendants request that the Court enter this cause on its docket and entertain such further proceedings herein as may be proper and authorized by law.

7065100.1

Respectfully submitted,

/s/   Lynn Vuketich Luther
Lynn Vuketich Luther (0075166)
Elizabeth L. Bolduc (0096901)
EASTMAN & SMITH LTD
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:  (419) 241-6000
Telecopier:  (419) 247-1777
lvluther@eastmansmith.com
elbolduc@eastmansmith.com

Attorneys for Defendants

## PROOF OF SERVICE

A copy of the foregoing has been electronically filed on August 30, 2023.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system; and by ordinary U.S. Mail to Plaintiff at 1380 Riverside Dr., #10, Lakewood, OH  44107.

/s/   Lynn Vuketich Luther
Attorney for Defendants

4

7065100.1