No. 24-3007

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 29, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| VLADIMIR ALEXANDER L. SWERCHOWSKY, ) ) Plaintiff-Appellant, ) ) v. ) ) U-HAUL INTERNATIONAL, INC., et al., ) ) Defendants-Appellees. ) | O R D E R |

Before: STRANCH, Circuit Judge.

Vladimir Alexander L. Swerchowsky, a pro se Ohio resident, moves to proceed in forma pauperis in his appeal from the district court's order compelling arbitration and dismissing his employment action. See Fed. R. App. P. 24(a)(5).

In July 2023, Swerchowsky filed a 13-count complaint in state court alleging various causes of action arising from his former employment with U-Haul Co. of Massachusetts and Ohio, Inc. (U-Haul), including breach of contract, wrongful termination, and violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. He sued U-Haul's parent companies, U-Haul International, Inc. and AMERCO (now known as U-Haul Holding Company (UHHC)); UHHC's chief executive officer, Edward J. Shoen; U-Haul International, Inc.'s statutory agent, C.T. Corporation System; and his former manager, Serena Barth.

The defendants removed the lawsuit to federal court based on federal-question and diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a), 1441. After the case was removed, the district court determined that the parties had an enforceable arbitration agreement that covered Swerchowsky's claims and therefore granted the defendants' unopposed motion to compel arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and dismiss the case. The

district court then certified, pursuant to 28 U.S.C. § 1915(a)(3), that Swerchowsky had no good faith basis to appeal.

When a district court has certified that a party's appeal is not taken in good faith, the plaintiff may file a motion in this court for leave to proceed in forma pauperis. Fed. R. App. P. 24(a)(5). This court will grant the motion only if it is persuaded that the appeal is being taken in good faith, i.e., that the issues to be raised are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). This court should grant an in forma pauperis motion where the issues on appeal deserve "further argument or consideration." *Coppedge*, 369 U.S. at 454.

There is no non-frivolous basis on which to challenge the district court's grant of the defendants' motion to dismiss the complaint and compel arbitration. When determining whether to compel arbitration under the FAA, a district court should consider (1) whether the parties entered a valid agreement to arbitrate, (2) "the scope of that agreement," (3) "whether Congress intended [any federal statutory] claims to be nonarbitrable," and (4) whether any claims not subject to arbitration should be stayed pending arbitration. *Stout v. J.S. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Generally, the FAA "requires district courts to compel arbitration 'on issues as to which an arbitration agreement has been signed.'" *Hawkins v. Cintas Corp.*, 32 F.4th 625, 629 (6th Cir. 2022) (quoting *Atkins v. CGI Techs. & Sols., Inc.*, 724 F. App'x 383, 389 (6th Cir. 2018)). When a valid arbitration agreement exists, the party opposing arbitration bears the "burden of proving that the claims are unsuited to arbitration." *Id.*

As part of Swerchowsky's onboarding process in December 2022, the parties executed an arbitration agreement that specifically "covers all disputes relating to or arising out of [Swerchowsky's] employment with U-Haul or the termination of that employment," including "claims for wrongful termination of employment, breach of contract, fraud, employment discrimination, harassment or retaliation" under state or federal law, "tort claims, wage or overtime claims or other claims under the Labor Code, or any other legal or equitable claims and causes of action recognized by local, state or federal law or regulations." Swerchowsky's claims all stem

from either his brief employment with U-Haul or the termination of that employment and, therefore, fall squarely within the scope of that arbitration agreement. Swerchowsky's complaint mentions the FLSA and arguably invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., but nothing in the text or structure of those federal statutes indicates that Congress intended such claims to be non-arbitrable. *See McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004) (per curiam) (noting that it is "well settled" that parties can waive their right to a judicial forum and agree to "arbitrate statutory employment discrimination claims"); *see also Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 296 (6th Cir. 2018) (holding that the FLSA "does not displace" the FAA's requirement that courts enforce an employee's valid arbitration agreement). Although Swerchowsky alleged that he signed unspecified "employment papers" under duress, he failed to allege what duress he was under, or whether the papers that he was allegedly coerced to sign included his arbitration agreement. Swerchowsky's conclusory allegation of duress is insufficient to avoid his arbitration agreement with U-Haul. *See Robinson-Williams v. CHG Hosp. West Monroe, LLC*, No. 21-30659, 2022 WL 3137422, at *2 (5th Cir. Aug. 5, 2022) ("[Plaintiff's] conclusory allegation of duress is insufficient to avoid the [Employment Dispute Resolution] Agreements.").

For these reasons, Swerchowsky's motion to proceed in forma pauperis is **DENIED**. Unless he pays the $605 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk